IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RALPH KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-00464-CV-RK |
| ) | |
| JAMIE GAFFNEY, FLOYD R. BROWN, ) | |
| JR. & COMPANY, A PROFESSIONAL ) | |
| CORPORATION; AND L-MASH, LLLP, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff's motion to remand for lack of jurisdiction. (Doc. 31.)[1] The issue is fully briefed and a jurisdictional hearing was held on October 15, 2019. (Docs. 24, 27, 31, 38.) Previously, on July 13, 2019, a related case, case number 4:19- cv- 00171- RK, was consolidated with the present action. After careful consideration, the order of consolidation, consolidating case number 4:19-cv-00171-RK and 4:19-cv-00464-RK, is **VACATED**. Further, the present case, case number 4:19-cv-00464- RK, is **REMANDED**.

## Background

To begin, this case presents distinct facts from any case cited by the parties or that the Court has found through its independent research. Specifically, in the underlying state action, judgment has been entered against one defendant, Floyd R. Brown, JR & Company, with a garnishment action already commenced, while issues of liability remain as to two other defendants, Jamie Gaffney and L-MASH, LLLP.

Plaintiff, Ralph King ("King"), initially filed his complaint in 2016, in the Circuit Court of Jackson County, case number 1616-cv18075, against Defendants Floyd R. Brown, JR. & Company

---

[1] Plaintiff did not file a formal motion for remand, but rather sought leave to respond after the Court issued show cause orders (Docs. 23 and 26) to Garnishee, Hanover Insurance Company. In that response, Plaintiff requests the Court remand the case, and thus this Court construes that document as a motion to remand. Further, a court must dismiss an action if it determines it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h).

("FRB"), Jamie Gaffney ("Gaffney"), L-MASH, LLLP ("L-MASH"), and Matthew Peterson[2] for claims surrounding accounting malpractice. The parties do not contest that King, FRB, Gaffney, and L-MASH are all Missouri citizens for purposes of diversity jurisdiction. FRB had an Accountants Professional Liability Insurance Policy with Hanover Insurance Company ("Hanover"), a citizen of New Hampshire and Massachusetts. On October 20, 2016, FRB and Hanover entered into an alleged[3] settlement agreement regarding Hanover's duty to defend and indemnify FRB for accounting malpractice. FRB then entered into an agreement with King under Mo. Rev. Stat. § 537.065, which allows an insured to protect itself by limiting recovery to insurance proceeds. *See Allen v. Bryers*, 512 S.W.3d 17, 32 (Mo. 2016). Eventually, King's 2016 claims against FRB, Gaffney, and L-MASH were voluntarily dismissed on March 7, 2018. King's claims against FRB, Gaffney, and L-MASH were refiled on April 26, 2018, case number 1816- cv11048. In March 2019, the state court bifurcated King's claims against FRB from those against Gaffney and L-MASH for purposes of trial. Pursuant to the § 537.065 agreement, a bench trial was held as to claims against FRB on April 25, 2019. The state court made findings of fact, and conclusions of law, and entered judgment in favor of King and against FRB. King was awarded (a) compensatory damages in the sum of $549,487.55; (b) punitive damages in the sum of $1,000,000; (c) post-judgment interest on all sums awarded, accruing at the statutory rate; and (d) the costs of the action. On May 13, 2019, King filed a garnishment application and an application for a garnishment order against Hanover pursuant to Mo. R. Civ. P. 90.02 and Mo. Rev. Stat. § 525.010 *et seq*. King's claims against Gaffney and L-MASH are pending and therefore, issues of liability remain as to Gaffney and L-MASH. On June 13, 2019, Hanover removed the case to this Court. However, issues of liability as to Gaffney and L-MASH have not been adjudicated.

Meanwhile, on March 6, 2019, Hanover filed a complaint for declaratory judgment against FRB, Jamie Gaffney, and King, and for breach of contract against FRB, in case number

---

[2] Default Judgment was entered against Peterson on May 26, 2017. Matthew Peterson is no longer a party to this case.

[3] While FRB and Hanover claim the settlement agreement was valid and resolved their dispute, King has asserted the agreement was void, or at least does not preclude King from garnishing from the insurance policy. The issue will be one for the Missouri court to decide. *See* Mo. Rev. Stat. § 379.195; s*ee also Commercial Union Assur. Co. of Australia, Melbourne v. Hartford Fire Ins. Co.*, 86 F. Supp. 2d 921, 930 (E.D. Mo. 2000) (holding a cancellation of an insurance policy for property loss void because the cancellation occurred after the date of loss) (citing *Dyche v. Bostian*, 233 S.W.2d 721, 724 (Mo. banc 1950); *Bassett v. Federal Kemper Ins. Co.*, 565 S.W.2d 823, 825 (Mo. Ct. App. 1978)).

4:19-cv-00171-RK. On July 13, 2019, the declaratory judgment case was consolidated with the present case, 4:19-cv-00464-RK. This Court then ordered Hanover to show cause twice why this case, 4:19-cv-00464-RK, should not be remanded for lack of subject matter jurisdiction. Hanover filed responses to both orders. After the second order to show cause, King requested an opportunity to respond, which was granted. In that response, King has requested this Court to remand the garnishment action. On October 15, 2019, a jurisdictional hearing was held, where oral arguments concerning the issue of jurisdiction and remand were heard.

## Legal Standard

"[F]ederal courts are courts of limited jurisdiction." *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). A party may remove an action to federal court if there is complete diversity of the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a) and 1441(a). Even if all parties are diverse, the "forum defendant rule" provides that the action cannot be removed to federal court if any of the properly joined and served defendants are citizens of the state in which the action is brought. *See* 28 U.S.C. § 1441(b); *Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005). In the Eighth Circuit, violation of the forum defendant rule is a jurisdictional defect and cannot be waived. *Id.* Therefore if the forum defendant rule is violated, the court must remand the case to the state court from which is was removed. 28 U.S.C. § 1447(c). A party seeking removal and opposing remand carries the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Furthermore, any doubts about the propriety of removal should be resolved in favor of remand. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## Discussion

There are two issues the Court must now resolve in the present order: (1) whether the Court has Jurisdiction over the removed action, 4:19-cv-00464-RK and (2) whether the order of consolidation, in 4:19-cv-00171-RK, must now be vacated. The Court finds it lacks jurisdiction

3

over the removed action. The Court, therefore, must vacate the order consolidating the two cases and remand the removed case, 4:19-cv-00464-RK, back to state court.

I.      **The Court Lacks Jurisdiction Over the Garnishment Action (4:19-cv-00464-RK)**

As Hanover was the removing party, they bore the burden of establishing federal subject-matter jurisdiction. *In Re Prempro Pods. Liab. Litig.*, 591 F.3d. at 620. While any civil action can be removed, a removing party must remove the entire action, "not piecemeal claims for the parties to choose." *Arnold Crossroads, L.L.C. v. Gander Mountain Co.*, No. 4:12-CV0506 HEA, 2013 WL 1789441 at *1 (E.D. Mo. Apr. 26, 2013) (citing 28 U.S.C. §§ 1441(a), 1441(c)); *see also De Espina v. Jackson*, No. DKC 15–2059, 2015 WL 6122329 at *2 (D. Md. Oct. 15, 2015) (citing *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1376 (5th Cir. 1980)). Further, a court must consider the claims in state court as they existed at removal. *Momin v. Maggiemoo's Intern., L.L.C.*, 205 F. Supp.2d. 506, 508 (D. Md. 2002) (citing *Manguno v. Prudential Property and Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).

Here, Hanover has attempted to remove only the garnishment proceeding while remaining issues of liability remain between non-diverse parties: King, Gaffney and L-MASH. Hanover cites to several cases to support its position. In particular, Hanover has cited to *Randolph v. Employers Mutual Liability Insurance Co. of Wisc.*, 260 F.2d 461 (8th Cir. 1958); *Gregg v. Walker*, 4:19-cv-00053-NKL, 2019 WL 1569350 (W.D. Mo. Apr. 11, 2019); *Monroe v. Roedder*, 583 F. Supp. 2d 1031, 1034 (E.D. Mo. 2008); *Grissom v. Welker*, No. 1:10 CV 144 RWS, 2011 WL 845285 (W.D. Mo. Mar. 9, 2011); and *Shilo Inn, Seaside Ocean Front, LLC v. Grant*, No. 08–CV–618–BR, 2009 WL 2611217 (D. Or. Aug. 24, 2009). However, each case is distinguishable from the case now before the Court. In each of those cases, there was only one underlying defendant and liability as to that defendant had been fully resolved. Here, the liability issues as to Gaffney and L-MASH have not been fully resolved. Further, despite Hanover's contention that the only parties removed were Hanover and King, the cases cited by Hanover indicate that any remaining defendants are parties to the action. *See Monroe*, 583 F. Supp.2d at 1034 ("Roedder is a nominal party"); *Grissom*, 2011 WL 845285 at *1 ("Welker is a nominal party at best."); *Shilo*, 2009 WL 2611217 at *5 (discussing how the insured is a nominal party and the insured's interests are aligned with the Plaintiff) (citing *Monroe*, 583 F. Supp.2d at 1034; *Randolph*, 260 F.2d at 464); *see also Arnold Crossroads, L.L.C.*, 2013 WL 1789441 at *1 (when removing a case, the entire case is removed). While those cases found the insured to be a nominal party, the fact remains the insureds were still

parties to the suit and included in removal. Thus, the Court finds that all parties, including FRB, Gaffney, and L-MASH, were included in the removal. Therefore, the presence of Gaffney and L- MASH, non-diverse defendants, destroys diversity of citizenship. The question then becomes whether those diversity destroying defendants are nominal parties or should be realigned with the Plaintiff for diversity purposes.

Hanover next argues that Defendants FRB, Gaffney, and L-MASH are nominal parties. FRB may be a nominal party.[4] *See Monroe*, 583 F. Supp.2d at 1034. Regarding Gaffney and L- MASH, Hanover repeatedly argues Gaffney and L-MASH were nominal parties because they have nothing to do with the issue of whether or not Hanover provides coverage for the judgment against FRB. Hanover misunderstands the Court's concerns and Kings' arguments. Even if Gaffney and L- MASH were nominal for purposes of determining the issue of garnishment, they are not nominal parties as to the case. *See Mundle v. Linde, LLC*, No. 4:10 CV 2116 DDN, 2011 WL 1526965 at *2 (E.D. Mo. Apr. 20, 2011) (citing *Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1161 (8th Cir. 1981) (citizenship of defendant can be ignored where they are "merely nominal parties against whom no relief is sought.") The entire case was removed, not merely the issue of garnishment. *See Arnold Crossroads, L.L.C.*, 2013 WL 1789441 at *1. As in *Mundle*, Gaffney and L-MASH are not nominal parties in the present case because their liability to King has yet to be adjudicated. 2011 WL 1526965 at *2. Unlike all cases cited by Hanover, where liability against the nominal party had been resolved, here, King is still pursuing judgements against Gaffney and L-MASH. Therefore, it cannot be said they are mere nominal parties.

Hanover's final argument is that the FRB, Gaffney, and L-MASH should be realigned with King for jurisdictional purposes. In determining whether parties should be realigned, the "Court must inquire into the principle purpose of the suit and the primary and controlling matter in dispute." *Universal Underwriters Ins. Co. v. Wagner*, 367 F.2d 866, 870 (8th Cir. 1966) (quotations and citations omitted). "The controversy must be actual and substantial." *Id.* Here, as to Gaffney and L-MASH, King has actual and substantial claims against Gaffney and L-MASH.

---

[4] The Court however, has doubt as to whether FRB's position is actually similar to all of the other cases cited by Hanover. Unlike those other cases, here there is a purported settlement agreement between FRB and Hanover. Hanover contends that their agreement with FRB would preclude Plaintiff from garnishing any insurance proceeds against Hanover. *See Smith v. Mutual Ins. Co.*, 579 S.W.3d 275 (Mo. App. 2019). While the adjudication of the settlement agreement is an issue of merits, not for this Court to decide in the present order, the adjudication of that issue may expose FRB to potential claims by Plaintiff to void the § 537.065 agreement. Thus, the adjudication of any settlement agreement, coupled with the garnishment action, may indeed re-expose FRB's assets to satisfy Plaintiff's judgment making FRB more than a nominal party.

Their interests are not aligned with that of King, and as such, they cannot be realigned for purposes of diversity. Because King, Gaffney, and L-MASH are all Missouri citizens, diversity of citizenship does not exist in the removed case. Further, the presence of Gaffney and L-MASH violates the forum defendant rule. *See* 28 U.S.C. § 1441(b); *Horton*, 431 F.3d at 605. Therefore, this Court lacks subject matter jurisdiction over the removed action and it must be remanded.

## II. The Order Consolidating the Cases Must be Vacated

At the moment however, the present case remains consolidated with the declaratory judgment action filed by Hanover. Because that case was originally filed in this Court, it cannot be remanded. Rule 42 permits a court to consolidate actions. F. R. Civ. P. 42(a)(2). The Supreme Court explained that "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause." *Hall v. Hall*, 138 S.Ct. 1118, 1127 (2018) (citations omitted). Consolidated cases remain separate and independent actions. *Id.* at 1128 (citing a lengthy, detailed history of precedent establishing that consolidated cases remain separate and distinct). Thus, the declaratory judgment action and the garnishment action remain two distinct cases. As the Court has now determined that subject matter jurisdiction is lacking in the present garnishment case, case 4:19-CV-00464, the Court will now vacate its previous order consolidating the two cases.

## Conclusion

Accordingly, the order of consolidation is **VACATED** and the Court retains jurisdiction over the declaratory judgment action filed by Hanover, case no. 4:19-CV-00171-RK. The removed action, 4:19-cv-00464-RK is **REMANDED** to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: October 30, 2019